```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL BUSH,

                Plaintiff,

-v-

COMMISSIONER MARTIN F. HORN, *et al.*,

                Defendants.

No. 07 Civ. 3231 (RJS) (FM)
ORDER

DARRELL BREWSTER,

                Plaintiff,

-v-

MR. MARTIN F. HORN, COMMISSIONER, NYC DEPT. OF CORRECTIONS, *et al.*,

                Defendants.

No. 07 Civ. 3762 (RJS) (FM)

KEVIN DAMION CRICHLOW,

                Plaintiff,

-v-

MR. MARTIN F. HORN, COMMISSIONER, NYC DEPT. OF CORRECTIONS, *et al.*,

                Defendants.

No. 07 Civ. 7685 (RJS) (FM)

RICHARD J. SULLIVAN, District Judge:

    Before the Court is *pro se* Plaintiff Darrell Bush's motion to amend his complaint. Plaintiffs Crichlow and Brewster have not moved, at this time, to amend their respective complaints.

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that this Court "freely give leave [to amend] when justice so requires." Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2007). The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).")

Defendants object to the proposed amendment principally on the basis that Plaintiff Bush's proposed amendments would be futile and that the motion to amend is prompted by dilatory motive. In assessing Plaintiff Bush's motion to amend, the Court is mindful that "courts must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996)). Thus, the Second Circuit has repeatedly emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Read liberally, the Court cannot say that the Complaint, as amended, gives *no* indication that a valid claim might be stated. Indeed, certain of the arguments Defendants make are more suited to a motion for summary judgment than the instant situation.[1] Accordingly,

IT IS HEREBY ORDERED that, pursuant to Federal Rules of Civil Procedure Rule 15(a)(2), Plaintiff Bush's motion is GRANTED, and his amended complaint is deemed accepted for filing by the Court. Defendants' motions for judgment on the pleadings, docketed as Documents 38 and 40, as well as Plaintiff Bush's motion in opposition and motion for judgment on the pleadings, docketed as Documents 44 and 46, are DENIED, with leave to renew.

IT IS FURTHER ORDERED that the parties shall abide by the following briefing schedule:

> Plaintiffs Crichlow and Brewster shall *each* file their amended complaints, should they choose to amend, or else give the Court and Defendants notice of their intent to continue with their original complaints, no later than March 16, 2009.
>
> Defendants shall answer or file their renewed Rule 12 motions by April 13, 2009.
>
> Plaintiffs shall *each* file and serve their respective opposition papers, if necessary, by May 11, 2009.

---

[1] Thus, for example, Defendants Horn and Augustus submitted to the Court in their November 25, 2008 letter a portion of Plaintiff Bush's inmate file as well as a portion of the inmate rule book. While on a motion to dismiss the Court may consider a document that is not appended to the complaint but "upon which the complaint solely relies and which is integral to the complaint," *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citing *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991)), the materials at issue here are not properly considered on a motion to dismiss. Accordingly, the Court declines to consider them in assessing the proposed amended complaint.

3

Defendants shall file and serve their reply papers, if any, by May 25, 2009.

SO ORDERED.

Dated:   February 11, 2009
         New York, New York

                                          _____
                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

4

Copies of this Order have been mailed to the following parties:

Darrell Bush
927 Avenue St. Johns
Bronx, NY 10455

Darrell Brewster
01-A-6646
Willard Drug Treatment Campus
7116 County Road 132
PO Box 303
Willard, NY 14588

Kevin Damion Crichlow
08-A-3511
Downstate Correctional Facility
Box F
Fishkill, NY 12524

Toni Gantz
New York City Law Department
100 Church Street
New York, NY 10007

Karen S. Drotzer
Armienti, DeBellis, Guglielmo & Rhoden, LLP
44 Wall St.
New York, NY 10005